UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DANNY ACOSTA, TDCJ #02441149, § | |
| § | |
| Plaintiff, § | |
| § | SA-22-CV-01382-XR |
| v. § | |
| § | |
| DOUGLAS ALEXANDER, Bexar County § | |
| Sheriff's Officer, B.C.A.D.C., #2828, § | |
| § | |
| Defendant. § | |

### ORDER

Before the Court are *pro se* Plaintiff Danny Acosta's 42 U.S.C. § 1983 Civil Rights Complaint, Defendant Deputy Douglas Alexander's Motion for Summary Judgment, and Acosta's response.[1] (ECF Nos. 1, 27, 32). Upon review, the Court orders Deputy Alexander's motion for summary judgment **GRANTED**. (ECF No. 27).

### FACTUAL AND PROCEDURAL BACKGROUND

When Acosta filed this action, and at the time of the event forming the basis for his § 1983 claim, Acosta was confined in the Bexar County Adult Detention Center ("BCADC"). (ECF No. 1).[2] Acosta filed suit against Deputy Alexander, a BCADC deputy, claiming Deputy

---

[1] Although Acosta refers to the Defendant as "Officer," it is undisputed that the Defendant is an employee of the Bexar County Sheriff's Office. As such, his proper title is that of "Deputy," which he uses in his motion for summary judgment. Accordingly, the Court will refer to the Defendant as "Deputy Alexander."

[2] Acosta was awaiting disposition of the State's motions to revoke previously imposed deferred adjudication probation for the offenses of evading arrest or detention with a vehicle and aggravated assault with a deadly weapon. *See* Register of Actions - DC2020CR5581 (tylertech.cloud) (last visited Sept. 12, 2024); Register of Actions - DC2021CR4194 (tylertech.cloud) (same). Ultimately, the trial court granted the State's motions, adjudicated Acosta guilty, and sentenced him to ten (10) and fifteen (15) years, respectively. *See* Register of Actions - DC2020CR5581 (tylertech.cloud); Register of Actions - DC2021CR4194 (tylertech.cloud). Acosta was transferred to the Texas

Alexander violated his civil rights when he opened the door to Acosta's cell to allow another inmate, Steve Alcorta, who Acosta describes as an ex–gang member, to assault him. (ECF No. 1). Acosta appears to contend Deputy Alexander opened his cell door and permitted the assault in retaliation for Acosta's repeated requests to use the dayroom toilet because his toilet was inoperable. (*Id.*). Acosta claims he was injured during the assault and seeks damages in the amount of $250,000,000.00. (*Id.*).

After reviewing the Complaint, the Court ordered service on Deputy Alexander, who then filed an answer. (ECF Nos. 9–11). Deputy Alexander subsequently filed a motion for summary judgment. (ECF No. 27). Thereafter, Acosta filed his response to the motion for summary judgment. (ECF No. 32).

## STANDARD OF REVIEW

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018). Where the nonmovant bears the burden of proof at trial, the summary judgment movant must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the nonmovant's claim; the movant may, but need not, negate the elements of the nonmovant's case to prevail on summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). A complete failure of proof as to an essential

---

Department of Criminal Justice where he remains confined. *See* Texas Department of Criminal Justice Inmate Search (last visited Sept. 12, 2024).

element of the nonmovant's case renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant shows entitlement to judgment as a matter of law, the nonmovant must bring forward *evidence* to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). "The *evidence* of the non–movant is to be believed, and all *justifiable* inferences are to be drawn in his favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir.), *cert. denied*, 139 S.Ct. 69 (2018) (emphasis added) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Mere allegations in the nonmovant's complaint are not evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). However, verified allegations in an inmate–plaintiff's complaint are deemed competent summary judgment evidence. *See Al–Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995). Nevertheless, even verified allegations are insufficient to defeat summary judgment if they are nothing more than "conclusory allegations," "unsubstantiated assertions," or constitute "only a scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Hunt v. Pierson*, 730 F. App'x 210, 212 (5th Cir. 2018) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

The Fifth Circuit requires a nonmovant to submit "significant probative evidence" from which the jury could reasonably find for the nonmovant. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). The non–movant's evidence must raise more than some "metaphysical doubt as to the material facts." *Funches*, 905 F.3d at 849. A genuine issue of fact does not exist "if the record taken as a whole could not lead a rational trier of fact to find for the non–moving party." *Hunt*, 730 F. App'x at 212 (quoting *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014)).

3

#### ANALYSIS

In his motion for summary judgment, Deputy Alexander contends he is entitled to judgment as a matter of law because: (1) Acosta failed to exhaust his administrative remedies; and (2) Acosta's *de minimis* injury precludes recovery. (ECF No. 27). Because Deputy Alexander's first summary judgment ground is dispositive, the Court need not consider the remaining ground.

A.  ***Substantive Law***

The Prison Litigation Reform Act ("PLRA") was enacted to reduce the number of prisoner suits by weeding out unmeritorious claims. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). One of the ways the PLRA seeks to accomplish this goal is through a robust exhaustion requirement. *Id.* at 84–85. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *Woodford*, 548 U.S. at 85. Exhaustion is not defined by the PLRA; rather, it is defined by the particular prison's grievance procedures, and courts may not add or subtract from them. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015).

Exhaustion is not jurisdictional, but rather an affirmative defense on which the defendant bears the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As such, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* Thus, when moving for summary judgment, a defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in its favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The Fifth Circuit takes a strict approach to exhaustion. *Id.* at 268. Exhaustion must be completed before suit; it may not be excused if it occurs while the suit is pending. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Substantial compliance is insufficient; prisoners must properly exhaust all available remedies by, among other things, complying with deadlines and procedural rules. *See Dillon*, 596 F.3d at 268.

### B. *Application of Substantive Law to Evidence*

In support of his claim of exhaustion, Deputy Alexander produced the following summary judgment evidence: (1) an affidavit by Sergeant Rose De Los Santos, the Grievance Sergeant for the Bexar County Sheriff's Office and Custodian of Records for Inmate Grievances; (2) documents comprising the entirety of Acosta's BCADC grievance history; and (3) a five–page excerpt from the BCADC Inmate Handbook, describing the BCADC grievance process and its requirements. (ECF No. 27, Exh. 1, pp. 1–29). In her affidavit, Sergeant De Los Santos authenticates the documents representing Acosta's BCADC grievance history and the excerpt from the BCADC Inmate Handbook. (*Id.*, p. 1). According to the Handbook, the BCADC has a two–step grievance process. (*Id.*, p. 28). First, an inmate must file an initial grievance within seventy–two (72) hours of the incident forming the basis of the subsequent lawsuit. (*Id.*). If the inmate is dissatisfied with the response, he must file an appeal with the jail administrator within seventy–two (72) hours of the response. (*Id.*). Both steps must be satisfied for an inmate to have exhausted his administrative remedies. *See Bonner v. Alford*, 594 F. App'x 266, 267 (5th Cir. 2015) (holding inmate failed to exhaust administrative remedies where he did not satisfy both steps of jail's grievance process); *Hampton v. Pamerleau*, No. SA-14-CV-806-XR, 2015 WL 4953085, at *4 (W.D. Tex. Aug. 18,

5

2015) (citing *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (holding inmate must pursue both steps of grievance procedure to satisfy exhaustion)).

According to Acosta, the event that forms the basis of his § 1983 claim against Deputy Alexander—the opening of the cell door to allow another inmate inside to assault Acosta—took place November 17, 2022, between 3:00 p.m. and 6:00 p.m. (ECF No. 1). Thus, pursuant to the Handbook, Acosta had to file a grievance regarding the matter on or before November 20, 2022. (ECF No. 27, Exh. 1, p. 28). Acosta's authenticated grievance history shows he did not file his Step 1 grievance relating to the matter until November 22, 2022, two days past the seventy–two (72) hour deadline. (*Id.*, p. 8). In that grievance, Acosta states that on November 17, 2022, "Alexander put my life in danger by letting another inmate attack me in my cell." (*Id.*). This is obviously the grievance relating to the event that is the subject of Acosta's § 1983 suit. On December 30, 2022, following an investigation, Acosta received a response to his Step 1 grievance, even though it was untimely. (*Id.*, pp. 7, 21). Following the response, Acosta entirely failed to file a Step 2 grievance regarding the November 17, 2022 assault. (*Id.*, pp. 2–24). Rather, the only grievances filed by Acosta after December 30, 2022, concerned malfunctioning electrical outlets, denial of medication, and mail issues. (*Id.*, pp. 22–24). Thus, the summary judgment evidence establishes as a matter of law that Acosta failed to timely file a Step 1 grievance and then failed to file a Step 2 once a response was received. (*Id.*, pp. 8, 22–24).

The Court finds Deputy Alexander has produced evidence establishing as a matter of law that Acosta failed to exhaust his administrative remedies as to his sole § 1983 claim. (ECF No. 27, Exh. 1, pp. 1, 7–8, 22–24); *see Dillon*, 596 F.3d at 268. Therefore, Acosta must bring forward

*evidence* to create a genuine issue of material fact to avoid summary judgment in favor of Deputy Alexander. *See Giles*, 245 F.3d at 493. The Court finds Acosta failed to satisfy his burden.

In his verified Complaint, Acosta responded "Yes" to the question of whether he had exhausted all steps of the relevant grievance procedure. (*Id.*). However, in response to the request on the complaint form that he attach a copy of his final step of the procedure and BCADC's response, Acosta failed to attach any documentation. (*Id.*). This allegation within the Complaint, though verified, is nothing more than an unsubstantiated and conclusory statement regarding exhaustion, which is insufficient to raise a fact issue sufficient to defeat summary judgment. *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019); *see also Little*, 37 F.3d at 1075.

As noted above, Acosta filed a response to Deputy Alexander's motion for summary judgment. (ECF No. 32). Therein, he addresses the defense of exhaustion. (*Id.*). Acosta states that if the Court were to hold a trial, he could present "witness testimony and staff discipline report in order to show these steps were in fact reported in according to the grievance time table." (*Id.*). He further states he would present as witnesses "William Acosta and former lawyer Meagan Enriquez with phone records to show that this incident was grieved timely with no clear response from the floor staff." (*Id.*).

These statements are not summary judgment evidence. Rather, they are merely statements describing evidence Acosta claims he *would* present at a trial. He has not presented any actual evidence. As stated above, once a summary judgment movant establishes the right to judgment as a matter of law, the Fifth Circuit requires a nonmovant to submit "significant probative evidence" from which a jury could find for the nonmovant. *See Gutterman*, 896 F.2d at 118. After Deputy Alexander filed his motion for summary judgment, the Court rendered an Order requiring Acosta

to file a response to the motion for summary judgment and instructing him that once Deputy Alexander showed entitlement to judgment as a matter of law it would then be Acosta's burden to bring forward *evidence* to create a genuine issue of material fact, i.e., evidence to show he had in fact exhausted the mandatory administrative remedies. (ECF No. 29); *see Giles*, 245 F.3d at 493. He was advised that "conclusory allegations, unsubstantiated assertions, and speculation" would be insufficient to satisfy this burden. (ECF No. 29); *see Wallace*, 80 at 1047. Despite the instructions in the Court's Order, Acosta has not produced any evidence; rather, he has provided statements concerning the evidence he might produce during a trial. (ECF No. 32). To defeat Deputy Alexander's summary judgment, Acosta had to actually produce summary judgment evidence, not advise the Court of the evidence he might produce at a later time.

Although any actual evidence produced by Acosta is to be believed, and the Court must draw all reasonable inferences in his favor, the statements in his Complaint and response are nothing more than conclusory allegations, unsubstantiated assertions, and speculation. *See Little*, 37 F.3d at 1075. As such, they are insufficient to satisfy his burden to bring forward *evidence* creating a fact issue. *See Bargher*, 928 F.3d at 444. The Court finds Acosta has presented no summary judgment evidence that could lead a rational trier of fact to find in his favor. *See Brown*, 740 F.3d at 350.

## CONCLUSION

The Court finds Deputy Alexander established as a matter of law that Acosta failed to exhaust his administrative remedies prior to filing this action, and Acosta failed to produce any actual evidence to create a fact issue. Accordingly, Deputy Alexander is entitled to judgment as a

matter of law. The Court will grant his motion for summary judgment based on Acosta's failure to exhaust his administrative remedies.

**IT IS THEREFORE ORDERED** that Deputy Alexander's Motion for Summary Judgment (ECF No. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Acosta's 42 U.S.C. § 1983 claim against Deputy Alexander (ECF No. 1) is **DISMISSED WITH PREJUDICE**, and Acosta shall take nothing in this cause against Deputy Alexander.

It is so **ORDERED**.

**SIGNED** this 12th day of September, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE